NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50450 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00653-BEN-1 |
| v. | |
| CARLOS HERRERA-RIVERA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted November 15, 2018**
Pasadena, California

Before:  GOULD, PARKER,*** and MURGUIA, Circuit Judges.

Carlos Herrera-Rivera appeals his conviction for possession of

methamphetamine with intent to distribute in violation of 21 U.S.C. § 841.

---

   *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

   ***     The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

This Court previously affirmed his conviction in *United States v. Herrera-Rivera*, 832 F.3d 1166 (9th Cir. 2016). Although the Court affirmed his conviction, it remanded to the district court for resentencing. *Id*. at 1174-75. The district court resentenced Herrera-Rivera, and he now appeals again.

On appeal, he does not challenge his new sentence. Rather, he argues that, under the Court's decision in *United States v. Orozco*, 858 F.3d 1204 (9th Cir. 2017), the search and seizure leading to his arrest violated his Fourth Amendment rights, requiring suppression of the evidence introduced at trial and the reversal of his conviction.

Herrera-Rivera failed to raise a Fourth Amendment claim at any point in the prior proceedings, and he is not entitled to do so now on his second appeal. Nor is he entitled to an evidentiary hearing.

Our decision in *Orozco* is not the type of intervening authority that would allow Herrera-Rivera to raise his Fourth Amendment claim for the first time on his second appeal. *See United States v. Van Alstyne*, 584 F.3d 803, 812-13 (9th Cir. 2009) (allowing defendant to re-raise issue in second appeal where he actually raised a related issue in a previous appeal). *Orozco* may well have provided Herrera-Rivera with a stronger basis to argue for suppression, but it cannot excuse his failure to raise a Fourth Amendment claim altogether in prior proceedings.

Accordingly, the appeal is DISMISSED.